■ WILLIS E. FEDRAU, Appellant, v. PORCELAIN INSULATOR CORP., Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The trial court erred in dismissing the complaint at the close of plaintiff's case. There were issues of fact to be decided by the jury. All concur, except Williams, P. J., who dissents and votes to affirm in the following memorandum: In my opinion no

cause of action was established. There was no proof that the owner of the plant breached any duty owed to this plaintiff. (*Gasper* v. *Ford Motor Co.*, 13 N Y 2d 104; *Olsommer* v. *Walker & Sons*, 4 A D 2d 424, affd. 4 N Y 2d 793.) In determining the foreseeability of the accident, we must consider the fact that the owner had the right to rely, at least in some degree, upon the experience and skill of the contractor, upon his use of ordinary care and proper methods, and upon the experience of the contractor's employees. The conduct of this plaintiff, a skilled and experienced worker, in complete disregard of his own safety was not reasonably foreseeable by the defendant. The plaintiff's injury did not come about as the result of any defect in the structure or from any hidden danger. The type of construction of this oven was easily ascertainable, if not, in fact, readily apparent, and there was therefore no duty to warn the plaintiff against walking directly on the surface of the roof without the use of planking or scaffolding. Moreover, it appears very affirmatively that the plaintiff was contributorily negligent. Not only did he have adequate opportunity to determine the suitability of the structure for this use, but he had definite and physical warning of its inability to support his weight when he first stepped onto the roof and noticed that it had " a little give to it  *  *  *  it sprung a little.  *  *  *  it wasn't real solid." He disregarded this warning. His explanation for remaining on the roof after this warning, that it looked like concrete, is completely inconsistent with his own observations. He was clearly guilty of contributory negligence (see *Mancino* v. *1051 Fifth Ave. Corp.*, 16 N Y 2d 527; *Shkoditch* v. *One Hundred and Fifty William St. Corp.*, 16 N Y 2d 609). Furthermore, his own negligence demonstrates that the occurrence was not reasonably foreseeable by this defendant. (Appeal from judgment of Monroe Trial Term dismissing the complaint at the close of plaintiff's case, in a negligence action.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.